IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RITA GIBSON and EBONI DOWELL,        )
on behalf of THEMSELVES and all      )
Others Similarly Situated            )    No. 3-13-1136
                                     )
v.                                   )
                                     )
AMAZON.COM, INC.;                    )
AMAZON.COM. DEDC, LLC; and           )
SMX, LLC                             )

O R D E R

The plaintiffs' motions for admission pro hac vice (Docket Entry Nos. 19, 21, and 25) are GRANTED.

David O'Brien Suetholz, Peter Winebrake, R. Andrew Santillo, and J. Chris Sanders are hereby admitted to practice in this case on behalf of the plaintiffs.

The initial case management conference is RESCHEDULED from December 16, 2013, to **Wednesday, December 4, 2013, at 1:00 p.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN, in conjunction with the initial case management conference in Davis v. Amazon.com, 3-13-1091, which, by separately entered order, is also rescheduled to the same date.[1]

If this rescheduled date and time present scheduling conflicts for counsel, they shall confer with each other and call Ms. Jeanne Cox, Courtroom Deputy, at 615-736-5164, to reschedule the initial case management conferences in both cases.

By order entered October 17, 2013 (Docket Entry No. 17), the stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, was lifted.

---

[1] Over a week ago, counsel for the defendants called the office of the Magistrate Judge to reschedule the initial case management conference. He was provided dates to circulate among counsel but the Court has not heard back from him since his initial call.

Prior to the initial case management conference, counsel for the parties shall meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and shall, to the extent possible, exchange initial disclosures pursuant to Rule 26(a)(1).

Prior to the initial case management conference, counsel for the parties shall also confer and shall prepare a proposed, joint initial case management order, including the parties' respective theories of the case, issues resolved and in dispute, proposed scheduling for the progression of the case, and any other relevant matters provided in Local Rule 16.01(d)(1)(c) and 16.01(d)(2). If the parties anticipate discovery of electronically stored information, they shall include in the proposed initial case management order the methodology for such discovery. See Administrative Order No. 174, entered July 9, 2007. If the parties anticipate little, if any, electronic discovery and they believe it is not necessary to be governed by Administrative Order No. 174, they shall so provide in the proposed initial case management order.

Counsel shall e-file the proposed order prior to the initial case management conference.

All counsel appearing at the initial case management conference shall bring with them their calendars and be cognizant of the calendars of any attorneys not appearing at the initial case management conference whose schedules are relevant to the scheduling in this case.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge